99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie Delois PORTER, Plaintiff-Appellant,
v.
Togo D. WEST, Secretary of the Army, Defendant-Appellee.
*
 No. 95-3117.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 8, 1996.**
Decided Oct. 10, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 21, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Willie Delois Porter claims that the Department of the Army terminated her from a secretarial position in 1987 on the basis of race, in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17. She also believes that her discharge and subsequent administrative hearing violated due process. In a lengthy and thorough opinion, informed by the detailed report and recommendation of a magistrate judge, the district court dismissed Porter's due process claims without prejudice for failure to exhaust administrative remedies (a second time) and granted summary judgment to the defendants on her Title VII claim because she had failed to produce any evidence in support of her allegation of discrimination.
 
 
 2
 The district court appointed counsel for Porter, but she moved three weeks later to proceed pro se. Although Porter's motions and briefs to the district court are constructed largely of block quotes from various cases and her arguments are extremely difficult to deduce, the magistrate judge and district court nonetheless read her pleadings as liberally as possible and granted her every reasonable inference. On appeal, however, her fragmented arguments have degenerated to the point of incomprehensibility: she badly alleges that the district court was wrong without explaining why in even a simple complete sentence.
 
 
 3
 We construe pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), but do not construct legal arguments for a party. Federal Rule of Appellate Procedure 28(a)(6) requires the appellant to present a reasoned argument supported by legal authority. Porter has failed to do so; therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Porter's suit originally named the Department of the Army as well as the Secretary. Because the Secretary is the only proper defendant in a Title VII suit, 42 U.S.C. § 2000e-16(c), the court has dismissed the Department on its own motion
 
 
 **
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)